Per Curiam.

The question presented is what was the effective date of the cancellation of the reciprocity agreement. Appellant contends that the temporary restraining order effectively enjoined the operation of the notice of cancellation until October 31,1955, and exempted it from payment of the tax until that time.
This court is of the opinion that the restraining order of the Court of Common Pleas, issued September 23, 1955, had no legal effect on the cancellation notice of August 9, effective September 8, 1955, since on the latter date the cancellation became effective and there no longer existed a reciprocity agreement with North Carolina. The court could not restrain the reciprocity board from doing that which it had already done. The order of the court vacating the temporary restraining order could not fix a different effective cancellation date.
The notice of cancellation in the instant case is identical with the notice of cancellation to West Virginia in the case of Tom’s Express, Inc., v. Bowers, Tax Commr., 170 Ohio St., 489, the reciprocity agreements > with both states are practically identical, and the temporary restraining order in that case is in effect the same order in question here.
The decision of the Board of Tax Appeals is affirmed on authority of the Tom’s Express case, supra.

Decision affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and Radcliee, JJ., concur.
O’Neill, J., not participating.

J

Radcliee, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.